UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Richard Curtis Freeman, II, | ) | C/A No.   5:12-CV-3281-TMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Florence County Detention Center, Sgt. Jacob Speights, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

This action has been filed by Plaintiff pursuant to 42 U.S.C. § 1983. This matter is before the court on Plaintiff's Motion to Amend/Correct Complaint, ECF No. 64, and Defendant Speights' Motion to Stay, ECF No. 66.

## Motion to Amend/Correct Complaint, ECF No. 64

Plaintiff initially filed his Complaint pro se on November 16, 2012, and sought to pursue claims against Defendants Speights and Florence County Detention Center. *See* ECF No. 1. Plaintiff obtained counsel in May 2013, and following the entry of the First Amended Scheduling Order, ECF No. 61, Plaintiff filed a Motion to Amend/Correct Complaint. ECF No. 64. Plaintiff's Amended Complaint seeks to amend the original Complaint to:

> 1) correctly identify Jacob Speights as the defendant and the individual involved in the excessive force incident on July 10, 2012; 2) clarifies the claims originally pled in the pro se complaint; and 3) substitute Florence County Sheriff's Office in place of the Florence County Detention Center as the proper defendant for the slip and fall claim.

ECF No. 64 at 2.

Rule 15(a) provides that a party may amend its pleadings by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). Upholding the letter and the spirit of this rule, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro,* 178 F.3d 231, 242 (4th Cir. 1999); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (noting courts favor "resolution of cases on their merits."); *see also Rambus, Inc. v. Infineon Techs., AG*, 304 F. Supp. 2d 812, 819 (E.D. Va. 2004) (citing *Davis* and noting the "substantive merits of a proposed claim are typically best left for later resolution, e.g., under motions to dismiss or for summary judgment[.]").

Defendants do not object to Plaintiff's Motion to Amend/Correct and the court therefore finds it appropriate to give leave for the amendment. Plaintiff's Motion to Amend/Correct Complaint, ECF No. 64, is GRANTED. The Clerk of Court is directed to docket Plaintiff's proposed Amended Complaint (ECF No. 64-1) as the operative Amended Complaint, and Defendants shall answer or otherwise plead as required by the Federal Rules of Civil Procedure.

**Motion to Stay, ECF No. 66**

Defendant Speights moves to stay this action "until such time as the pending, related criminal charges against him are tried." ECF No. 66. In support of his Motion to Stay, filed on September 13, 2013, Defendant Speights contends that Plaintiff's lawsuit, currently pending before the court, asserts claims against Defendants for an unlawful assault by Defendant Speights. ECF No. 66 at 1. Defendant Speights contends that, upon information and belief, that he was arrested for "misconduct in office" for the claims that serve as the basis for Plaintiff's lawsuit, and that these criminal charges remain pending. *Id.* at 2.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Although the Fourth Circuit has not adopted an explicit set of factors to consider when determining whether to implement a stay, at least one court within the circuit has applied a five-factor test adopted by a variety of courts across the country. In *Ashworth v. Albers Med., Inc.*, 229 F.R.D. 527 (S.D.W.Va. 2005), the court applied the following factors when determining whether to grant a motion to stay:

> (1) the interest of the plaintiffs in proceeding expeditiously with [the] litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay, (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Id.* at 530.

Defendant Speights contends that the relevant factors support the granting of a stay in this case. ECF No. 66 at 4.  Defendant Speights argues there is a nexus between the allegations in Plaintiff's Complaint and Defendant Speights' pending criminal charges. *Id.* at 4.  Defendant Speights contends that if this matter is not stayed, he would have to choose between participating in discovery and asserting the privilege against self-incrimination. *Id.* Speights argues that if he chooses to assert privilege it might be "used as the basis for an adverse inference against him in this case," and if he chooses to testify or respond to discovery, he "runs that risk that his responses will be used by prosecuting authorities" in his pending criminal case. *Id.* at 5-6. Defendant Speights also contends that public interest and posture of the criminal proceedings support the granting of stay. *Id.* at 6-7.

Considering the consent of Plaintiff and Defendant Florence County Detention Center and the argument of Defendant Speights, the court finds that the factors set forth in *Ashforth* favor granting a stay in this matter pending resolution of Defendant Speights' criminal charges. Accordingly, Defendant Speights' Motion to Stay, ECF No. 66, is GRANTED. It is further ordered that Defendant Speights shall apprise the court of the status of the criminal proceedings every six months and notify the court when the criminal charges are resolved and the stay can be lifted.

## CONCLUSION

For the reasons set forth herein, Plaintiff's Motion to Amend/Correct Complaint, ECF No. 64, and Defendant Speights' Motion to Stay, ECF No. 66, are granted.

IT IS SO ORDERED.

September 27, 2013                                            Kaymani D. West
Florence, South Carolina                              United States Magistrate Judge